UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20964-Civ-MORENO
MAGISTRATE JUDGE P.A. WHITE

YANET DUHARTE,                          :

     Petitioner,                       :

v.                                      :         REPORT OF
                                                  MAGISTRATE JUDGE
WALTER A. McNEIL,                       :

     Respondent.                       :

_____

    Yanet Duharte, a state prisoner confined at Homestead Correctional Institution at Florida City, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking the lawfulness of her convictions and sentences entered in Case No. 05-27185 in the Circuit Court of the Eleventh Judicial Circuit of Florida at Miami-Dade County.[1]

    This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

    For its consideration of the petition, the Court has the respondent's response to an order to show cause with multiple

_____

[1]Besides the instant habeas corpus petition, Duharte has filed two other pro se habeas corpus petitions pursuant to 28 U.S.C. §2254 in this Court, challenging her convictions entered in Miami-Dade County Circuit Case Nos. 02-00981 and 05-27186, respectively. See Duharte v. McNeil, 08-20961-Civ-Seitz; Duharte v. McNeil, 08-20963-Civ-Altonaga. A report was entered by the undersigned on January 16, 2009, in Case No. 08-20961-Civ-Seitz, recommending denial of the petition.

exhibits,[2] and the petitioner's reply with attached exhibits.

Duharte raises the following two grounds for relief:

1.  She received ineffective assistance of trial counsel, because her lawyer failed to object to the plea agreement and resultant sentences as violative of her protection against double jeopardy.

2.  She received ineffective assistance of trial counsel, because her lawyer failed to challenge her sentence as unlawful in that the crimes were not first degree felonies, but third degree felonies which carried lesser sentences.

3.  Her convictions upon pleas of guilty are unlawful, because there is no factual basis for the pleas.

The procedural history of this case is as follows. Duharte was charged by information with first degree grand theft, organized fraud and two counts of uttering a forged instrument. (Respondent's Appendix at App. B). Pursuant to a negotiated plea agreement entered into with the state, which encompassed all of Duharte's then-pending criminal cases, Duharte appeared before the trial court to change her earlier entered pleas of not guilty to guilty to the charges in the instant case. See Transcript of Plea Colloquy

---

[2]Review of the respondent's response with supporting appendix to the petition filed in this case in conjunction with the response and appendix filed in Case No. 08-20963-Civ-Altonaga, where Duharte challenged her convictions entered in Miami-Dade County Circuit Court Case No. 05-27186, has revealed that the respondent has confused the two cases. The response and supporting state court records filed in this case should have instead been filed in Case No. 08-20963-Civ-Altonaga while the response and supporting state court records filed in 08-20963-Civ-Altonaga should have been filed in this case. By separate order entered this date, the respondent has been required to correct the records in the two cases. However, in the interest of expediency, the undersigned has elected not to wait for a corrected record and has, instead, proceeded to address the claims of this federal petition by referring to the Respondent's response and Appendix filed in Case No. 08-20963-Civ-Altonaga. Disposing of the instant petition without further delay is warranted in that this Court can take judicial notice of its own records in the related habeas corpus case. See Fed.R.Evid. 201.

conducted on July 14, 2006. (Respondent's Appendix at App. E). As part of the negotiated global plea agreement, she further changed her earlier entered pleas of not guilty to guilty to the offenses charged in Miami-Dade County Circuit Case No. 05-27186 and admitted her guilt to the probation violation charges filed in Miami-Dade County Circuit Court Case Nos. 93-34934, 97-17327 and 02-00981.[3] Id. In exchange for the admissions of guilt and change of pleas, Duharte, who had been facing a total term of imprisonment of 220 years as an habitual offender, was instead to be sentenced to a total term of imprisonment of twenty years as an habitual felony offender. Id.

Before accepting the change of pleas, the trial court conducted a thorough plea colloquy, during which Duharte was sworn. Id. at 2-14. At the outset of the plea proceeding, the state set out the terms of the negotiated plea offer with regard to the pleas to be entered and the sentences to be imposed pursuant to the negotiated pleas. Id. at 2-4. The court asked Duharte if, after having listened to the explanation by the state, if she wanted to enter pleas of guilty to the subject charges and be sentenced as explained by the state. Id. at 4-5. Duharte answered affirmatively. Id. at 5. She also advised the court that she had been notified that the state sought an enhanced penalty as an habitual offender. Id. at 5-6. When asked if she understood the possible maximum penalty that could be imposed in this case, which was 220 years, she again answered affirmatively. Id. a 5-6. When asked if anyone

---

[3]Before the convictions in the instant case, Duharte was convicted in Miami-Dade County Circuit Court Case No. 93-34934 of twenty-one counts of forgery/uttering a forged instrument, Miami-Dade County Circuit Court Case No. 97-17327 of grand theft, and 02-00981 of one count of grand theft. (Respondent's Appendix at App. A). Pursuant to the same negotiated plea agreement and plea proceeding, Duharte was also convicted in Miami-Dade County Court Case No. 05-27186 of three counts of uttering a forged instrument, grand theft and organized fraud. Id. Duharte is currently serving a total term of imprisonment of twenty years. Id.

had promised her anything other than what had just been explained to her regarding the sentences to be imposed, Duharte answered, "No." Id. at 6, 10-1. The court reviewed with Duharte her various constitutional rights that she would be waiving by entering the guilty pleas, and Duharte stated that she understood and agreed to waive her rights. Id. at 7-8.

When asked if anyone had in any way threatened her or coerced her into entering the guilty pleas, Duharte responded in the negative. Id. at 9. Although Duharte advised the court that she was receiving mental health care to treat her obsessive compulsive disorder, she unequivocally stated that she understood what was transpiring at the proceeding. Id. at 9-10. Trial counsel confirmed that Duharte was mentally competent to proceed with the pleas. Id. Duharte next advised the court that she was entering into the plea agreement because it was in her best interest to do so. Id. at 10. Trial counsel too advised the court that the plea agreement was in Duharte's best interest. Id. at 11. The court asked Duharte if she had had sufficient time to discuss the case with counsel before deciding to enter into the plea agreement and whether she was satisfied with the services rendered by counsel, to which Duharte answered, "Yes," to both inquiries. Id. at 11. Trial counsel and the state then stipulated to a factual basis for the pleas. Id. at 11, 12. The court found a factual basis for the entry of the guilty pleas based upon a review of the informations, the Arrest-forms,[4] the probation violation affidavits, and the stipulations of the state and Duharte. Id. at 12-13. The trial court also expressly found that Duharte qualified as an habitual felony offender, after which the court accepted the admissions and pleas of guilty as intelligently and voluntarily entered with an understanding of the

---

[4]Copies of the Information and probable cause affidavit can be found at Respondent's Appendix at App. B.

nature of the charges and consequences of the pleas, adjudicated Duharte guilty of the offenses, revoked the terms of probation, and sentenced Duharte pursuant to the negotiated pleas to a total term of twenty-years' imprisonment as an habitual felony offender. Id. at 12-3. See also Respondent's Appendix at App. D. No direct appeal was taken in the subject criminal case from the convictions and/or sentences. (Petition at ¶8)(DE# 1).

Just shy of one year later, Duharte filed in the trial court a pro se motion for post conviction relief with attached exhibits pursuant to Fla.R.Crim.P. 3.850, challenging her convictions and sentences regarding the offenses of grand theft and organized fraud as follows: (1) counsel was ineffective for failing to inform her and object to her sentences and pleas as violating double jeopardy principles; (2) her convictions and sentences were unlawful, because they are based on the same criminal conduct; (3) counsel was ineffective for failing to inform her and to object or file a motion for the reduction of the offenses; and (4) there is not a sufficient factual basis for the pleas. (Respondent's Appendix at App. F). After the state had filed its response, the trial court entered a thorough and well-reasoned written order, addressing the grounds raised and then summarily denying postconviction relief. (Respondent's Appendix at App. G, H). On the same date, the trial court entered a corrected sentence which reduced Duharte's sentence from twenty years to five years on the uttering a forged instrument counts. (Respondent's Appendix at App. I). The twenty-year sentences as to the other two counts were unchanged. Id.

Duharte took an appeal from the trial court's order, denying her Rule 3.850 motion on the grounds raised in her motion. (Respondent's Appendix at App. K). She further claimed that the trial court erred in failing to appoint counsel for the hearing on

her postconviction motion. Id. The Florida Third District Court of Appeal *per curiam* affirmed without written opinion the denial of Duharte's Rule 3.850 motion. (Respondent's Appendix at App. L). See also Duharte v. State, 979 So.2d 234 (Fla. 3 DCA 2008)(table). Duharte's motion for rehearing was denied. (Respondent's Appendix at App. M, N).

Immediately after all state court proceedings had concluded with regard to the subject offenses and sentences, Duharte came to this Court filing the instant federal pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The respondent rightfully does not challenge this petition as untimely filed. See 28 U.S.C. §2244(d)(1)-(2). The respondent also acknowledges that the challenges raised in the subject petition have been fairly presented to the state courts and are therefore properly exhausted, see 28 U.S.C. §2254(b),(c),[5] warranting review on the merits.

Petitioner filed her petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996). Post-AEDPA law, therefore, governs this action. Abdul-Kabir v. Quarterman, 550 U.S. 233, 127 S.Ct. 1654, 1664, 167 L.Ed.2d 585 (2007); Penry v. Johnson, 532 U.S. 782, 792, 121 S.Ct. 1910, 150

---

[5]An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c). A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. Baldwin v. Reese, 541 U.S. 27, 29-30 (2004)(citing Duncan v. Henry, 513 U.S. 364, 365 (1995)(per curiam)(quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). See also O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5 Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5 Cir. 1982), cert. denied, 460 U.S. 1056 (1983). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial. Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979).

L.Ed.2d 9 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n .9 (11 Cir. 2007). Under AEDPA's "highly deferential" standard of review, Parker v. Sec. Dept. of Corrections, 331 F.3d 764, 768 (11 Cir. 2003), a federal court may not grant habeas relief with respect to any claim adjudicated on the merits in state court unless the state court's adjudication

> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law, as determined by the Supreme
> Court of the United States; or (2) resulted in a decision
> that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State
> court proceeding.

28 U.S.C. §2254(d). The statutory phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the U.S. Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000)(majority opinion by O'Connor, J.).

"[A] state court's decision is not 'contrary to ... clearly established Federal law' simply because the court did not cite [Supreme Court] opinions.... [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Mitchell v. Esparza, 540 U.S. 12, 16 (2003)(quoting Early v. Packer, 537 U.S. 3, 7-8 (2002). Even where a state court denies an application for post-conviction relief without written opinion, that decision constitutes an "adjudication on the merits," and is thus entitled to the same deference as if the state court had entered written findings to support its decision. See Wright v. Sec. of Dep't of Corr., 278 F.3d 1245, 1255 (11 Cir. 2002). Moreover, findings of fact by the state court are presumed correct,

and the petitioner bears the burden of rebutting that presumption of correctness by clear and convincing evidence. <u>See</u> 28 U.S.C. §2254(e)(1); <u>Crowe v. Hall</u>, 490 F.3d 840, 844 (11 Cir. 2007), *cert. denied*, ___ U.S. ___, 128 S.Ct. 2053 (April 21, 2008).

Since Duharte's third ground for relief goes to the voluntariness of the guilty pleas, it will be addressed first. Duharte claim that her pleas of guilty to the offenses of grand theft and organized fraud were unlawfully entered, because there was no factual basis for the pleas. More specifically, Duharte states that she entered pleas of guilty to grand theft in the amount of $100,000 or more and organized fraud in the amount of $50,000 or more. She alleges that those offenses were based upon the two uttering forged instrument offenses in the amounts of $3,896.79 and $889.00, and since the aggregate amount of the forged instrument offenses totaled $4,785.79, the other two offenses do not constitute first degree felonies, warranting the twenty-year sentences. According to Duharte, the state would have been unable to prove the two first degree felony offenses of grand theft and organized fraud. This claim is not cognizable in this federal habeas corpus petition.

The fundamental constitutional consideration when a petitioner challenges his plea is whether it was voluntary. <u>North Carolina v. Alford</u>, 400 U.S. 25, 37 (1970). Only when a defendant proclaims his innocence while pleading guilty have federal courts required a judicial finding of some factual basis for the plea as an essential part of the constitutionally required finding that the plea was voluntary. <u>North Carolina v. Alford</u>, 400 U.S. at 38 n. 10; <u>Wallace v. Turner</u>, 695 F.2d 545, 548 (11 Cir. 1983) and cases cited therein; <u>Willett v. Georgia</u>, 608 F.2d 538, 540 (5 Cir.1979). Even in those cases, the purpose of placing the facts on the record is

not to establish guilt as a basis for a judgment of conviction. Rather it is to aid in the constitutionally required determination that the defendant entered the plea intelligently and voluntarily. Willett v. Georgia, 608 F.2d at 540. See North Carolina v. Alford, 400 U.S. at 37-38.

Since there is no constitutional requirement that a state court establish a factual basis for a guilty plea before entering judgment on the plea, Duharte's pleas of guilty in her best interest to the crimes charged is sufficient to sustain convictions of those crimes, as long as the pleas were knowingly and voluntarily made, which they were in this case. See Edwards v. Garrison, 529 F.2d 1374, 1376 (4 Cir. 1975), cert. denied, 424 U.S. 950 (1976). Duharte is not entitled to relief in this habeas corpus proceeding on her challenges to her convictions and/or sentences. See also Boykin v. Alabama, 395 U.S. 238, 243 (1969); Brady v. United States, 397 U.S. 742, 748 (1970).[6] More important, even if Duharte is now asserting that she is actually innocent of some or all of the crimes to which she has entered pleas of guilty, she has made no such showing of  actual innocence in this habeas corpus

---

[6]It is well settled that before a trial judge can accept a guilty plea, the defendant must be advised of the various constitutional rights that he is waiving by entering such a plea. Boykin v. Alabama, 395 U.S. 238, 243 (1969). Since a guilty plea is a waiver of substantial constitutional rights, it must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. Brady v. United States, 397 U.S. 742, 748 (1970). While the question of whether constitutional rights have been effectively waived is governed by federal standards, Boykin v. Alabama, supra, factual findings underlying such a conclusion are entitled to the statutory presumption of correctness on habeas corpus review if they are fairly supported by the record. See Marshall v. Lonberger, 459 U.S. 422, 431 (1983) (applying former §2254(d) in the context of determining the voluntariness of a guilty plea). During the state plea proceedings and again during the postconviction proceedings, the state courts found, albeit implicitly, that Duharte's pleas of guilty to the new substantive offenses had been voluntarily and intelligently entered. Review of the record yields no suggestion that this finding is not supported by the record or was otherwise deficient and the findings therefore must be presumed correct. 28 U.S.C. §2254(e).

proceeding. <u>See</u> <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998); <u>Schlup v. Delo</u>, 513 U.S. 298, 327-328 (1995). <u>See also</u> <u>High v. Head</u>, 209 F.3d 1257 (11 Cir. 2000). Further, as indicated below in the discussion of ground two there was sufficient evidence to support the first degree felonies.

The claim is also meritless, as refuted by the record. The record clearly indicates that there did exist a sufficient factual basis for the pleas, as determined by the trial court during the plea proceeding and again during the postconviction proceeding. During the plea colloquy, defense counsel and the state both stipulated that there was a factual basis for the pleas, after which the trial court expressly stated: "[T]he Court finds that there is a factual basis for the entry of the plea based upon a review of the informations, the A[rrest]-forms,[7] and/or the probation violation affidavits, and the stipulations of the state and the defendant." <u>See</u> Transcript of Plea Colloquy conducted on July 14, 2006, at 13. During the Rule 3.850 proceeding, the trial court rejected the same claim as meritless, stating as follow:

> The defendants fourth ground [ground three in this federal proceeding] for relief is without merit and denied. "The trial court is free to utilize whatever procedure is best for the particular case before it to ensure the defendant is entering a plea to the proper offense under the facts of the case ... The court may satisfy itself by statements and admissions made by the defendant, his counsel, and the prosecutor." <u>State v. Sion</u>, 942 So.2d 934, 937 (Fla. 3rd DCA 2006). This Court found there to be a factual basis based upon the review of the informations, the A-forms, the probation violation affidavits and the stipulations of the State and the defendant. (See page 13 of the transcripts of the plea colloquy that is attached). Thus, the defendants fourth

_____

[7]The respondent in his Appendix has submitted to this Court a copy of the arrest affidavit which indicates that a sufficient factual basis existed in this case. (Respondent's Appendix at App. B).

ground for relief is denied without merit.

(Order Denying Defendant's Pro Se Motion for Post Conviction Relief at 3-4).[8] As indicated above, the trial court's ruling was affirmed by the state appellate court. See Duharte v. State, 979 So.2d 234 (Fla. 3 DCA 2008)(table). Accordingly, Duharte is not entitled to federal habeas corpus relief on ground three.

Duharte also claims that she received ineffective assistance of trial counsel in connection with the entry of her guilty pleas. She first alleges in ground one of her petition that her lawyer failed to object to the plea agreement and resultant sentences as violative of her protection against double jeopardy. More specifically, she contends that the convictions of grand theft and organized fraud include all the same elements of the uttering forged instruments convictions in that they all arose out of the same conduct. She maintains that they, therefore, do not constitute separate and distinct offenses. Duharte is not entitled to federal habeas corpus relief on this claim.

The traditional rule is that a defendant's plea of guilty made knowingly, voluntarily, and with the benefit of competent counsel, waives all nonjurisdictional defects in the proceedings. United States v. Broce, 488 U.S. 563 (1989). See also Barrientos v. United States, 668 F.2d 838, 842 (5 Cir. 1982). As the Supreme Court has explained:

A guilty plea represents a break in the chain of events which

---

[8]It should be noted that the trial court judge presiding over the change of plea proceedings was the same judge who presided over the subject state postconviction proceedings. Where the judge presiding over the trial proceedings is the same judge presiding over the post conviction proceedings, the presumption of correctness afforded the findings of fact of the state court is particularly strong. See May v. Collins, 955 F.2d 299, 314 (5 Cir.), cert. denied, 504 U.S. 901 (1992).

had preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973). Exceptions to the general rule are those cases which are constitutionally infirm because the government has no power to prosecute them at all, which is not applicable to this case. See Broce, 488 U.S. at 574-575.

With regard to Duharte's underlying double jeopardy claim, generally, the rights afforded by the Double Jeopardy Clause are personal and can be waived by a defendant. Broce, 488 U.S. at 569. Pursuant to these principles, the Supreme Court has held explicitly that a subsequent double jeopardy challenge is foreclosed by the entry of a guilty plea. Id. See also Dermota v. United States, 895 F.2d 1324 (11 Cir. 1990), cert. denied, 498 U.S. 837 (1990)(holding that because the defendant freely, voluntarily, and accompanied by his attorney entered into a plea agreement whereby he pled guilty to both transporting unregistered firearms in interstate commerce and possessing or causing to be possessed unregistered firearms, he waived his right to raise the double jeopardy objection that the offenses constituted a single offense rendering his consecutive sentences impermissible); United States v. Mortimer, 52 F.3d 429, 435 (2 Cir.)(holding that in signing plea agreement that he would plead guilty to two felonies and receive consecutive sentences, defendant waived claim that imposition of consecutive sentences for offenses that, defendant alleged, arose out of same transaction and constituted singe offense violated Double Jeopardy Clause), cert. denied, 516 U.S. 877 (1995). The law is similar in Florida. See

<u>Novaton v. State</u>, 634 So.2d 607 (Fla. 1994).[9]


        Thus, a voluntary guilty plea constitutes a waiver of all non-jurisdictional defects in the proceeding up to that point. The waiver also extends to claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. <u>See</u> <u>Bradbury v. Wainwright</u>, 658 F.2d 1083, 1087 (5 Cir. 1981), <u>cert</u>. <u>denied</u>, 456 U.S. 992 (1982). <u>See also</u> <u>United States v. Bohn</u>, 956 F.2d 208, 209 (9 Cir. 1992)(per curiam)(holding that pre-plea ineffective assistance of counsel claims are also waived by guilty plea). Petitioner's claim does not relate to the voluntariness of the pleas and, even if her claims could be so construed, there is absolutely no indication in the record that the guilty pleas were not entered knowingly and voluntarily and, as indicated herein, the record in fact reveals otherwise. In the state postconviction proceeding, the trial court denied Duharte relief on her claim, finding the claim procedurally barred pursuant to <u>Novaton v. State</u>, 634 So.2d 607 (Fla. 1994), and/or that she suffered no prejudice based upon the record here. <u>See</u> Order Denying Defendant's Pro Se

---

[9]In <u>Novaton v. State</u>, 634 So.2d 607 (Fla. 1994), the defendants plea bargained with the state on multiple charges in exchange for reduced sentences. Two of the convictions would have been barred by double jeopardy principles set forth in an earlier state case, <u>Cleveland v. State</u>, 587 So.2d 1145 (Fla. 1991)(holding that when a robbery conviction is enhanced because of the use of a firearm in committing the robbery, the single act involving the use of the same firearm in the commission of the same robbery cannot form the basis of a separate conviction and sentence for use of a firearm while committing a felony). The defendants were then sentenced according to the bargain and later discovered that some of the convictions were based on duplicative charges so that some of the convictions should have been barred by the Double Jeopardy Clause. The Florida Supreme Court held in <u>Novaton</u> that, under the above circumstances, where Novaton did more than merely enter pleas to the charges, but additionally bargained with the state to eliminate the possibility of being sentenced to life without parole as a habitual violent felony offender, he waived his double jeopardy claims. <u>Novaton</u>, 634 So.2d at 609. <u>See also</u> <u>Kilmartin v. State</u>, 848 So.2d 1222 (Fla. 1 DCA 2003)(stating that the right to make a double jeopardy claim on appeal may be waived, and a waiver will generally be found following a guilty or no contest plea entered as part of a bargain with the state).

Motion for Post Conviction Relief at 1-3. The trial court's ruling was affirmed on appeal. Petitioner is, therefore, not entitled to habeas review on claim one. See United States v. Arnaiz, 144 Fed.Appx. 27, 31 (11 Cir. 2005)(holding that defendant waived any non-jurisdictional challenges to his indictment, including by way of a motion to dismiss the indictment, when he voluntarily pleaded guilty with the advice of competent counsel).

Even if Duharte's ineffective assistance of counsel claim was reviewable, Duharte would not be entitled to relief in that her claim is meritless.[10] See Strickland v. Washington, 466 U.S. 668 (1984). See also Hill v. Lockhart, 474 U.S. 52 (1985). It is first noted that at the plea proceeding, Duharte unequivocally stated that she was completely satisfied with the investigation conducted by her lawyer, that counsel had done everything that had been asked and had filed all motions, that she was satisfied with the advice she had received regarding the plea agreement, and that her lawyer did a good job in representing her. See Transcript of Plea Colloquy conducted on July 14, 2006, at 11. Further, the trial court conducted a careful colloquy with Duharte to ensure that her pleas

---

[10]In order to prevail in this habeas corpus proceeding on his claim of ineffective assistance of counsel, the petitioner must make a particularized showing of an identifiable lapse in counsel's performance which falls below constitutional standards, and the petitioner must establish that the error was prejudicial, that is, but for counsel's error, there is a reasonable probability that the ultimate result would have been different. Strickland v. Washington, 466 U.S. 668 (1984). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Id. Accordingly, the court need not address both prongs of the Strickland standard if the complainant has made an insufficient showing on one. Id. at 697. In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Id. at 689. Further, a claim of ineffective assistance is a mixed question of law and fact. Strickland, 466 U.S. at 698. In the context of a case in which guilty pleas are entered, application of the second prong of the two pronged standard of Strickland requires a showing that there is a reasonable probability that but for counsel's errors, the petitioner would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

were voluntarily entered and not coerced in any way by anyone, and Duharte advised the court that her pleas were voluntarily entered. Id. at 9-11. Such statements carry a strong presumption of truthfulness and pose a formidable barrier in subsequent collateral proceedings. See Blackledge v. Allison, 431 U.S. 63, 74 (1977); Kelley v. Alabama, 636 F.2d 1082, 1084 (5 Cir. Unit B. 1981).


Moreover, as found by the trial court in the postconviction proceeding, any assertion by Duharte that she would have preferred a trial to the guilty pleas she entered is not credible. Review of the record in its entirety reveals that there was more than sufficient evidence to sustain findings of guilt on some, if not all, charged crimes. If Duharte had proceeded to trial and been found guilty of the subject offenses, not to mention the probation violation charges and other substantive offenses charged in her other criminal cases which encompassed the omnibus plea agreement,[11] she could have received a possible total maximum term of imprisonment of at 220 years. In return for her plea, Duharte received a much-reduced total sentence than what she otherwise might have received. She clearly received a benefit from entering into the negotiated plea agreement. Consequently, even if Duharte's convictions implicated her double jeopardy protections, see Donovan v. State, 572 So.2d 522, 525-26 (Fla. 5 DCA 1990)(holding that defendant could not be convicted of both organized fraud and theft for same act without double jeopardy violation, for elements of

---

[11]As noted by the trial court in its order entered in the postconviction proceeding:

> The record indicates that [Duharte's] plea bargain was contingent upon [Duharte] entering a guilty plea and admissions of violations on all cases and on all charges....

(Order Denying Defendant's Pro Se Motion for Post Conviction Relief at 1).

theft are all included in elements of organized fraud), she was not prejudiced by trial counsel's failure to raise a double jeopardy challenge to any of the subject convictions in this case.

Duharte claims in ground two of her petition that trial counsel should have been aware that the two uttering and forged check offenses involved a sum totaling $4,785.79, and such sum did not support convictions of first degree felonies as to the grand theft and organized crime convictions in that the sum is less than $100,000 and $50,000, respectively. She claims that trial counsel's failure to object and/or seek the dismissal of these offenses constitutes ineffective assistance. As was true of the above-discussed claim, Duharte is not entitled to relief on this ground.

After first discussing the applicable standard when reviewing ineffective assistance of trial counsel claims, see Order Denying Defendant's Pro Se Motion for Post Conviction Relief at 3, the trial court in the postconviction proceeding determined that Duharte could not satisfy either prong of the *Strickland* standard, stating as follows:

> [T]he record does not support [Duharte's] allegations; instead, it supports the fact that counsel was effective and could not have filed the motions [Duharte] now seeks. During the plea colloquy it was stipulated that the State would be able to prove up, at a minimum $100,000.00. (See page 4 of the transcripts of the plea colloquy that is attached).[12] Moreover, at the restitution hearing that was held after the plea colloquy,[13] this Court found the State proved [Duharte] defrauded and stole four hundred twenty-two thousand, seven

---

[12]During the change of plea proceeding, when the trial court inquired about the minimum amount of restitution, the prosecutor responded: "The minimum amount defense has stipulated to is a hundred thousand dollars –." (Transcript of Plea Colloquy conducted on July 14, 2006, at 4). Trial counsel did not object to the statement. Id.

[13]A transcript of such restitution hearing has not been submitted to this Court by either Duharte or the respondent.

> hundred fifty-four dollars and thirty-four cents
> ($422,754.34). Thus, under the first prong, counsel could not
> be deficient for not filing a motion whose allegations were
> unsupported by the evidence. Moreover, counsel's failure to
> file a motion cannot be found to be prejudicial to [Duharte],
> since the motion would have failed anyways (sic), thereby also
> failing prong two.

Id. For the reasons expressed by the trial court in its well-reasoned order, Duharte has not demonstrated that she received ineffective assistance of trial counsel, as alleged in ground two. See Hill v. Lockhart, 474 U.S. 52 (1985); Strickland v. Washington, 466 U.S. 668 (1984).

Duharte appears to include an additional ground of ineffective assistance of trial counsel in her reply. See Reply to Respondent's Response to Petition for Writ of Habeas Corpus at 3. (DE# 13). She claims that her lawyer rendered ineffective assistance when she failed to properly investigate the habitual offender statute and argue that an habitual offender sentence in this case was unlawful.[14] Review of the record reveals that during subsequent proceedings to correct Duharte's sentence in the instant case as well as Case Nos. 02-0981 and 05027186, the trial court was advised that the habitual offender sentences had erroneously been based upon a conviction that had been vacated. See Transcript of Corrected Sentence proceedings conducted on October 1, 2007, at 3-4. (Appendix C to Petitioner's Reply)(DE# 13). After finding that Duharte had properly received notice of the state's intention to

---

[14]Even if this particular ineffective assistance of trial counsel claim could be deemed unexhausted, since the claims is meritless, it will best serve the interest of judicial economy not to further belabor the exhaustion and related procedural bar issue and to exercise the discretion now afforded by Section 2254, as amended by the AEDPA, which permits a federal court to deny on the merits a habeas corpus application containing unexhausted claims. See 28 U.S.C. §2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

seek habitualization during the change of plea proceeding,[15] and that there were other convictions to support the habitual offender sentence, the trial court expressly determined that Duharte again qualified as an habitual offender and found that habitualization was warranted based upon appropriate convictions. Id. at 6.

Even if this Court assumes for the purpose of this federal proceeding that trial counsel was deficient in failing to challenge one or more of the predicate offenses to support the habitual sentence initially imposed, Duharte cannot satisfy the prejudice-prong of *Strickland*. To show prejudice in the sentencing context, a petitioner must demonstrate that the failure to object created a reasonable probability that her sentence would have been less harsh. See Glover v. United States, 531 U.S. 198, 200, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001)(holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established Strickland prejudice"); Spriggs v. Collins, 993 F.2d 85, 88 (5 Cir.1993)(*cited* in Glover). When not considering the vacated conviction, Duharte still qualified as an habitual felony offender, as determined by the trial court. See Fla.Stat. §775.084. Moreover, as indicated above, based upon the above-reviewed record, Duharte has not demonstrated that her sentence pursuant to the global negotiated plea agreement was increased by the deficient performance of her attorney.

In sum, it is clear from the record when viewed as a whole

---

[15]As indicated herein, Duharte advised the trial court during the change of plea proceeding that she had been notified that the state sought an enhanced penalty as an habitual offender. See Transcript of change of plea proceeding at 5-6. Again, statements made during the plea proceeding carry a strong presumption of truthfulness and pose a formidable barrier in subsequent collateral proceedings. See Blackledge v. Allison, 431 U.S. 63, 74 (1977); Kelley v. Alabama, 636 F.2d 1082, 1084 (5 Cir. Unit B. 1981).

that the petitioner received able representation more than adequate under the Sixth Amendment standard with regard to the guilty pleas and resultant sentences. Based upon the above-reviewed record, Duharte has not demonstrated that her sentence pursuant to the global negotiated plea agreement was increased by the deficient performance of her attorney or, in the converse, that her negotiated sentence would have been less harsh or that she would have received lesser sentences, if she had instead proceeded to trial on any or all of the subject offenses. The entry of the negotiated pleas as to all outstanding five criminal cases, which encompassed probation violation charges in two separate cases as well as four new substantive offenses charged in the instant case and six new substantive offenses charged in another case, was clearly in the best interest of the petitioner. Here, if for not the global plea, Duharte faced a total possible sentence on all crimes of 220 years as an habitual offender. Because of the efforts of trial counsel which resulted in the negotiated plea agreement, Duharte received a total term of imprisonment of twenty years as an habitual offender. See Transcript of plea colloquy at 3-4. See also Criminal Punishment Code Scoresheet. (Respondent's Appendix at App. D). All terms of imprisonment were imposed to run concurrently. Counsel's performance was not constitutionally ineffective. See Hill v. Lockhart, 474 U.S. 52; Strickland v. Washington, 466 U.S. 668. See also Glover v. United States, 531 U.S. at 200; Spriggs v. Collins, 993 F.2d at 88.

Finally, Duharte claims that she was unlawfully denied representation from counsel when the trial court resentenced her during the postconviction proceedings to a five-year term of imprisonment as to the uttering a forged instrument counts. It is beyond dispute that sentencing is "critical stage" of the criminal process, that is, one "where substantial rights of a criminal

19

accused may be affected;" <u>Mempa v. Rhay</u>, 389 U.S. 128, 134 (1967), requiring the presence of counsel. <u>Gardner v. Florida</u>, 430 U.S. 349, 358 (1977). <u>See also</u> <u>Jackson v. State</u>, 983 So.2d 562, 575 (Fla. 2008)(recognizing that right to counsel is a fundamental right)(citations omitted); <u>Gonzalez v. State</u>, 838 So.2d 1242(Fla. 1 DCA 2003)(holding that a complete denial of counsel at resentencing is fundamental error). Duharte is, however, not entitled to federal habeas corpus relief on her claim.

The courts have held that "'where the entire sentencing package has not been set aside, a correction of an illegal sentence does not constitute a resentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous.'" <u>United States v. Erwin</u>, 277 F.3d 727, 731 (5 Cir. 2001)(<i>quoting</i> <u>United States v. Pineda</u>, 988 F.2d 22, 23 (5 Cir. 1993)). The courts have so held although a defendant is generally entitled to be present when the trial court is imposing a new sentence after the original sentence had been set aside, rather than merely modified. <u>Id</u>. at 731. Here, Duharte was represented by counsel at the change of plea and initial sentence proceeding where sentence was imposed pursuant to a "global" negotiated plea agreement. The trial court corrected and reduced the sentence after Duharte had alerted the court to the sentencing error during postconviction proceedings conducted in this case as well as her other criminal cases. Further, Duharte was present at the hearing when the court resentenced her to five years' imprisonment, and she had the opportunity to be heard on any new sentence to be imposed. <u>See</u> Transcript of Sentence entered on October 1, 2007. <u>See also</u> Corrected Sentence.[16] (Respondent's Appendix at App. I).

_____

[16]The Sentence order entered on October 1, 2007, stated in pertinent part as follows:

The trial court in no way set aside "the entire sentencing package," instead, leaving intact everything but the correction of certain sentences imposed in the instant case and certain sentences imposed in Case No. 02-00981 and 05-27186. <u>See</u> Transcript of Corrected Sentence proceeding conducted on October 1, 2007, at 5-6. Duharte's corrected sentences in the instant case resulted in the reduction of twenty year terms of imprisonment to the lawful maximum terms of five years. Since the courts have held that such a downward correction of an illegal sentence does not constitute resentencing requiring the presence of a defendant, it follows that Duharte's due process rights were not violated when she did not receive representation with regard to the corrected sentence. It is important to remember that the trial court judge who accepted the global negotiated plea agreement and who presided over the change of plea and initial sentence proceedings, where the guilty pleas were found to have been voluntarily and knowingly entered upon the advice of counsel, was the same judge who presided over the subject state postconviction proceedings and the same judge who corrected the sentence. There is no indication whatever in the record that under the circumstances of this case that the trial court would have imposed any sentence other than the five-year maximum terms as to the uttering forged instrument counts, third degree felonies.

Accordingly, the state trial and appellate courts' determinations made in the postconviction proceedings are not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Relief must therefore be

---

The Defendant, being personally before this Court ... IN PROPER PERSON ... and having been adjudicated guilty, and the Court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why he/she should not be sentenced as provided by law, and no cause having been shown ....

denied pursuant to 28 U.S.C. §2254(d). <u>Williams v. Taylor</u>, 529 U.S. 362 (2000).

It is therefore recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this <u>22</u>$^{nd}$ day of January, 2009.

_____
UNITED STATES MAGISTRATE JUDGE


cc:  Yanet Duharte, <u>Pro</u> <u>Se</u>
     DC# 453965
     Homestead Correctional Institution
     19000 S.W. 377th Street
     Florida City, FL 33034-6499

     Heidi Milan Caballero, AAG
     Department of Legal Affairs
     444 Brickell Avenue
     Suite 650
     Miami, FL 33131